IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv410
(3:04cr315)

| | |
|---|---|
| TERRY JACKSON BENNETT, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | O R D E R |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, filed September 3, 2008. (Doc. No. 1). For the reasons stated herein, Petitioner's Motion to Vacate is denied and dismissed.

## PROCEDURAL HISTORY

On April 4, 2006, Petitioner was named in a two-count Second Superceding Bill of Indictment. (Case No. 3:04cr315, Doc. No. 51). Count One charged Petitioner with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b). Count Two charged Petitioner with assaulting, resisting, and impeding a government official in violation of 18 U.S.C. §§ 111(a)(1) and (b). (Id., Doc. No. 51). On May 11, 2006, the parties filed a plea agreement with the Court that contained a stipulation that Petitioner was a career offender. (Id., Doc. No. 76. at ¶ 5a). That same day, pursuant to the terms of the plea agreement, Petitioner entered a guilty plea at his Rule 11 hearing. (Id., Doc. No. 109). On August 29, 2006, this Court sentenced Petitioner to 235 months imprisonment on each count to run concurrently, and Judgment was entered on September 12, 2006. (Id., Doc. No. 94).

On September 1, 2006, Petitioner filed a Notice of Appeal. (Id., Doc. No. 91). On July 10, 2007, the United States Court of Appeals for the Fourth Circuit reviewed Petitioner's sentence and conviction and summarily dismissed in part and affirmed in part. (Id., Doc. No. 119). The Court concluded that Petitioner's appellate waiver, which was part of his plea agreement, was valid and dismissed all issues covered by the waiver. (Id. at 2). The Court also denied Petitioner's motion to substitute counsel, dismissed his motion with respect to the ineffective assistance of counsel claim, and affirmed the decision as to the ineffective assistance of counsel claim. (Id.).

On September 3, 2008, Petitioner timely filed the instant Motion to Vacate. (Doc. No. 1). Petitioner alleges that he received ineffective assistance of counsel with regard to his classification as a career offender; specifically, that his counsel failed to investigate his criminal history and as a result, failed to challenge the use of his escape and assault convictions as predicate offenses on the basis that they are not violent offenses. Petitioner also alleges that this Court imposed a sentence in violation of the Fifth and Eighth Amendments because the prior convictions used to classify Petitioner as a career offender were not qualifying convictions.

## ANALYSIS

**I.    STANDARD OF REVIEW**

  **A.    28 U.S.C. § 2255 Proceedings**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. 28 U.S.C.A. foll. § 2255. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion. Following such directive, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

### B. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, and that Petitioner was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In measuring counsel's performance, there is a strong presumption that it was within the wide range of reasonable professional assistance. Id. at 689. A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet: such a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 53-59 (1985)) (internal citations and quotations omitted).

## II. CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Petitioner is a Career Offender

Petitioner asserts that his counsel was ineffective for failing to challenge the determination that he was a career offender. He argues that his "walk-away escape from work-release" is not a violent felony and therefore cannot be used as a predicate offense for career offender status purposes. (Doc. No. 1 at 29). Similarly, Petitioner argues that his misdemeanor crime of assault should not have been used as a predicate offense because no bodily harm or injury resulted to others. (Doc. No. 1 at 6).

Under the Sentencing Guidelines, a defendant should be sentenced as a career offender if:

> (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a

crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). The record shows that Petitioner was at least eighteen years old at the time of the instant conviction. (Case No. 3:04cr315, Doc. No. 125-1 at 3). This Court also notes that at the time of Petitioner's sentencing hearing, his conviction for escape was properly considered a predicate offense because it was a felony classified as a crime of violence.[1] As stated at the sentencing hearing, Petitioner's argument that his state felony escape conviction should not have qualified as a felony conviction and as a crime of violence for purposes of career offender status is without merit.[2] It was clear at the time of the hearing that the escape was a crime of violence. See United States v. Dickerson, 77 F.3d 774 (4th Cir. 1996) (holding that a felony attempted escape constitutes a crime of violence for purposes of career offender classification); United States v. Hairston, 71 F.3d 115 (4th Cir. 1995) (finding that a felony escape from custody created a risk of serious physical injury and served as a predicate violent felony for sentencing purposes).[3]

---

[1] Petitioner also challenges the use of his assault conviction as a predicate offense. This Court need not address that claim because, as already demonstrated, Petitioner has three other predicate offenses (armed robbery, felony escape, and conspiracy to possess with intent to distribute cocaine) which satisfy the predicate offense requirements for career offenders. The Court will note, however, that Petitioner received a two-year sentence for his assault conviction, and the presentence report indicates that he kicked and scratched at officers while being arrested, which Petitioner does not directly dispute. See (Case No. 3:04cr315, Doc. No. 96 at 11).

[2] The Court provided Petitioner ample opportunity to raise any and all arguments he had against his classification as a career offender. At his sentencing hearing, Counsel informed the Court that he did not agree with Petitioner's views on this issue. (Case No. 3:04cr315, Doc. No. 110 at 2, 3). Consequently, the Court allowed Petitioner to present the arguments he wished to raise concerning his career offender status. (Id., Doc. No. 110 at 9-25). Petitioner raised numerous arguments, which this Court rejected after due consideration and specific analysis. In his Motion to Vacate, Petitioner raises many of the same arguments. As such, Petitioner cannot establish that he was prejudiced because these arguments were already evaluated and decided upon by this Court.

[3] Years after Petitioner's sentencing, the Supreme Court decided Chambers v. U.S., 129 S. Ct. 687 (2009), which directly undermined the Fourth Circuit's holding in Hairston,

4

A review of Petitioner's presentence report and sentencing transcript reveals that regardless of whether Petitioner's convictions for escape and assault on an officer are properly considered predicate offenses for career offender purposes, Petitioner would still qualify as a career offender because paragraphs 40 (armed robbery) and 45 (conspiracy to distribute cocaine) clearly set forth crimes which qualify as predicate offenses for career offender purposes.[4] (Case No. 3:04cr315, Doc. No. 96 at ¶¶ 40, 45). In short, there are numerous grounds for finding that Petitioner was a career offender, and so Counsel was not ineffective for failing to challenge this finding.

It also should be noted that throughout the Petitioner's case, he expressed dissatisfaction with all three of his attorneys, and at his sentencing hearing, the judge found Petitioner's "allegations about the ineffectiveness of your counsel incredible." (Case No. 3:04cr135, Doc. No. 110 at 8, 9). Further, this Court even allowed the Petitioner to supplement his attorney's arguments at his sentencing hearing in order to cure any dissatisfaction he had with the strategic choices made by his attorneys. (Id. at 9). Consequently, the record does not reflect that counsel was ineffective in any regard with respect to Petitioner's classification as a career offender, and his claim of ineffective assistance of counsel on this basis is denied.

### B.  Unconstitutional Sentence

---

particularly where an escape statute can be violated by a defendant's failure to report to custody. However, Chambers does not apply retroactively, so this Court's inclusion of Petitioner's escape conviction as a predicate offense in determining career offender status is undisturbed. Even under the "modified-categorical approach" established in Chambers, Petitioner's escape could still qualify, but this Court need not make such a determination. See Chambers, 129 S. Ct. 687; U.S. v. Bethea, 603 F.3d 254, 257-60 (4th Cir. 2010).

[4] The Supreme Court's holding in Shepard v. United States, 544 U.S. 13 (2005), that a sentencing court cannot look to police reports in making "generic burglary" decisions under the Armed Career Criminal Act, is not applicable to the instant case as armed robbery and conspiracy to distribute cocaine are not generic crimes.

Petitioner also alleges that this Court imposed a sentence in violation of the Fifth and Eighth Amendments because the prior convictions used to classify Petitioner as a career offender were not qualifying convictions. (Doc. No. 1 at 7). For the reasons set forth above, in addition to being arguably waived or subject to procedural bar, Petitioner's claim on this basis is without merit since he was properly classified as a career offender.

## III. CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner failed to establish that he received ineffective assistance of counsel, or that his sentence was unconstitutional. In particular, Petitioner failed to establish that his counsel's performance was deficient or that the failure of his counsel to challenge the determination that he was a career offender prejudiced him in any way.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1) is **DISMISSED**.

2. It is further ordered that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: September 30, 2010

Robert J. Conrad, Jr.
Chief United States District Judge