UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv410-RJC
(3:04cr315)

| | |
|---|---|
| TERRY JACKSON BENNETT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Reconsider/Alter or Amend § 2255 Judgment Pursuant to Fed. R. Civ. P. 59(e) (Doc. No. 14); and his Emergency Motion For Resolution of the Rule 59(e) Motion (Doc. No. 16).

On April 4, 2006, Petitioner was named in a two-count Second Superceding Bill of Indictment. (Case No. 3:04cr315, Doc. No. 51). Count One charged Petitioner with possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b). Count Two charged Petitioner with assaulting, resisting, and impeding a government official in violation of 18 U.S.C. §§ 111(a)(1) and (b). On May 11, 2006, the parties filed a plea agreement with the Court that contained a stipulation that Petitioner was a career offender and waived his right to challenge his convictions and/or sentences on any grounds except ineffective assistance of counsel and prosecutorial misconduct. (Id.; Doc. No. 76: Plea Agreement at ¶¶ 5a and 17). That same day, pursuant to the terms of the plea agreement, Petitioner appeared before the Court with his three attorneys and pled guilty to both counts. (Id., Doc. No. 109: Transcript of Plea and Rule 11 hearing). On August 29, 2006, the Court conducted a Factual Basis and Sentencing

hearing. After overruling Petitioner's objections, the Court concluded that Petitioner was, in fact, a career offender, and sentenced him to two concurrent terms of 235 months imprisonment.[1] (Id., Doc. No. 110 at 39: Transcript of Motions Hearing and Sentencing and Revocation of Supervised Release, hereinafter "Sent'g. Tr.").

On September 1, 2006, Petitioner filed a Notice of Appeal to the Fourth Circuit Court of Appeals where he raised several claims, including one for ineffective assistance of counsel. (Id., Doc. No. 91). However, the circuit court found that the waiver clause from Petitioner's plea agreement was valid and enforceable against all but his allegation against his counsel; therefore, that Court granted the Government's motion to dismiss the claims that were waived and denied its motion as to the claim alleging ineffective assistance of counsel. United States v. Bennett, 238 F. App'x 935, 936 (4th Cir. July 10, 2007) (unpublished). Further, the Circuit court determined that it did not conclusively appear on the record that counsel was ineffective; therefore, it affirmed Petitioner's convictions and sentences as to that claim. Id. On November 5, 2007, the U.S. Supreme Court denied Petitioner's certiorari petition. See Bennett v. United States, 552 U.S. 1018 (2007).

On September 3, 2008, Petitioner filed a Motion pursuant to 28 U.S.C. § 2255 to Vacate, Correct, or Set Aside, essentially alleging that he was subjected to ineffective assistance of counsel by the failure of his attorneys[2] to investigate his criminal history and to challenge the use of his prior felony escape and assault convictions as violent felony predicate offenses under the

---

[1] The Court also imposed a consecutive term of 24 months imprisonment for Petitioner's violation of his supervised release term in Case 3:93cr254, as was established, in part, by the instant convictions. (Sent'g. Tr. at 46)

[2] Petitioner had three attorneys defending him against the underlying charges; however some of his allegations in his § 2255 Motion make reference to his "counsel's" failure to do certain things. Nevertheless, because Petitioner fails to identify which attorney or attorneys he is complaining about, the Court has presumed that his claims are aimed at all three of his former attorneys.

career offender provisions; and that the Court's sentence violated his Fifth and Eighth Amendment rights because the two prior convictions in question did not qualify as predicates for career offender purposes. (Doc. No. 1 at 5-6). After conducting an initial review of Petitioner's Motion, on September 30, 2010, the Court entered an Order explaining that it plainly appeared that Petitioner was not entitled to any relief on his claims, and dismissing his Motion to Vacate upon the conclusions that Petitioner properly was sentenced as a career offender; therefore, the Court's sentence did not violate his constitutional rights, and his attorneys were not ineffective for failing to raise the subject challenges. (Doc. No. 12 at 6).

On October 15, 2010, Petitioner filed the instant Motion to Reconsider pursuant to Rule 59(e), which essentially argues that the Court's Order of dismissal must be reconsidered because it contains erroneous determinations and fails to address certain of his arguments. (Doc. No. 14). Petitioner's prayer for relief is for the Court to resentence him, conduct an evidentiary hearing on his Motion to Vacate, or grant him a certificate of appealability so that he can ask the Fourth Circuit whether the U.S. Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009) is retroactively applicable to his case. (Id. at 17).

With regard to Rule 59(e), the Fourth Circuit has recognized three grounds for amending an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 197 (4th Cir. 2006) (quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). Petitioner does not assert that there has been an intervening change in the controlling law or that he has new evidence to present. Instead, Petitioner claims that he is entitled to reconsideration in order to correct clear error and prevent manifest injustice. (Doc. No. 14 at 1). However, this ground

3

for reconsideration does not apply here for the reasons that follow.

Taking his arguments out of order, Petitioner contends that the Court clearly erred when it failed to consider his claims that his attorneys were ineffective for failing to challenge the use of his assault conviction for career offender purposes. (Id. at 5-10). Petitioner contends that the subject conviction was uncounseled and therefore could not be used as a predicate violent felony under U.S.S.G. § 4B1.1(a).[3] In contrast, the record reflects that the Court gave Petitioner the opportunity to raise this challenge during his sentencing proceeding. (Doc. No. 12 at 4 n. 2). At sentencing, Petitioner did indeed argue that the subject conviction could not be used because he was denied his right to counsel during the prosecution of that offense. (Sent'g. Tr. at 17-18). Although Petitioner withdrew that challenge, the Court still addressed it, noting that since 1973, North Carolina courts have been required to notify defendants who may be subject to any term of imprisonment of their right to counsel; and that since 1973, a presumption of regularity attaches to all such convictions so that it is presumed that a defendant either had counsel or waived his right to do so. (Sent'g. Tr. at 19). The Court then found that because there was no evidence to show that Petitioner was denied his right to counsel, it could rely upon the presumption of regularity and, in turn, use the assault conviction as a predicate violent felony for career offender purposes. (Sent'g. Tr. at 19, 22-23).

Furthermore, in its Order dismissing Petitioner's § 2255 Motion, the Court indicated that

---

[3] Under this provision, a defendant should be sentenced as a career offender when:

> (1) the defendant was at least eighteen years old at the time [he] committed the instant offense of conviction;
> (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and
> (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

4

because it already had rejected Petitioner's claim that the assault conviction was uncounseled, Petitioner could not establish that he was prejudiced by his attorneys' failure to raise that claim. (Doc. No. 14 at 4 n. 2). Consequently, Petitioner's assertion that the Court failed to address this claim is baseless and does not entitle him to reconsideration.

Petitioner also contends that the Court failed to acknowledge his claim that his conviction for felony escape from prison no longer qualifies as a predicate violent felony conviction based upon the Supreme Court's recent holdings in Chambers, 555 U.S. 122, and United States v. Begay, 553 U.S. 137 (2008). However, the Court's Order of dismissal expressly indicated that Petitioner is not entitled to a retroactive application of Chambers to his case. (Doc. No. 12 at 4-5 n. 3). Begay, likewise, has not been held by the United States Supreme Court or the Fourth Circuit Court of Appeals to have retroactive effect in collateral proceedings, so Petitioner is not entitled to reconsideration on this basis. See, e.g., McKelvey v. Rivera, 2010 WL 2985965, 1 (D.S.C. 2010); (holding that Chambers and Begay do not have retroactive effect); United States v. Jones, 2010 WL 55930, 3-6 (E.D.Ky. 2010) (holding that Begay and Chambers are not retroactively applicable under a Teague v. Lane, 489 U.S. 288 (1989) analysis and collecting cases from other courts that have found the same). Petitioner cites no case that would demand a contrary result.

Petitioner's contention that he is entitled to reconsideration because the Court failed to conduct a hearing on his Motion to Vacate is also baseless. As was noted, the Court's Order of dismissal stated that it plainly appeared that Petitioner was not entitled to relief on any of his claims. (Id. at 2). Therefore, the Court was not required to conduct a hearing on Petitioner's Motion. See 28 U.S.C. § 2255(b) (noting that a hearing is not required on a motion to vacate when the record of the case conclusively shows that petitioner is entitled to no relief).

Moreover, Petitioner is not entitled to reconsideration on the basis that he is "actually innocent" of the career offender enhancement. The Fourth Circuit has clearly stated that a claim of "actual innocence" in the context of a sentencing enhancement requires an argument that the defendant is factually innocent of the predicate crimes, not that he was incorrectly classified from a legal perspective. United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010) ("actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"). Therefore, even assuming that this new claim is not otherwise barred, Petitioner does not assert that he is factually innocent of the charges underlying his convictions for escape from prison and assault, so he is not entitled to any reconsideration on the basis of this new claim. See id.; see also, Pac. Ins. Co., supra, 148 F.3d at 403 ("Rule 59(e) motions may not be used, however, to raise argument which could have been raised prior to the issuance of the judgment,") (internal quotation marks and citation omitted).

Finally, Petitioner is correct in noting that the Court inadvertently and erroneously stated that he had a prior conviction for conspiracy to distribute cocaine that could have been used to support his sentencing as a career offender. (Doc. No. 12 at 5).[4] However, that error does not entitle Petitioner to reconsideration because he still has three other qualifying convictions. Indeed, when Petitioner was sentenced in 2006, he properly was found to be a career offender by virtue of his prior convictions for armed robbery, felony escape from prison and/or assault on an officer (and not conspiracy to distribute cocaine). Therefore, Petitioner was not prejudiced by

---

[4] Closer examination of Petitioner's Pre-Sentence Report confirms that he was charged with, but not convicted of, the drug conspiracy offense. (Case 3:04cr315, Doc. No 96 at ¶ 45). Instead, the 180-month sentence that the Report lists next to the dismissed drug charge was imposed for Petitioner's conviction of a charge of possession of a firearm by a felon. (Id.).

the Court's misstatement.

In sum, none of Rule 59(e)'s three bases for granting reconsideration are applicable here. Therefore, Petitioner's Motion to Reconsider (Doc. No. 14) must be denied; and his Emergency Motion for Resolution (Doc. No. 16) should be dismissed as moot.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Reconsider pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Doc. No. 14) is **DENIED**;

2. Petitioner's Emergency Motion For Resolution (Doc. No. 16) is **DISMISSED as moot;** and

3. To the extent such consideration is required, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as it finds that Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

**SO ORDERED.**

Signed: May 10, 2011

Robert J. Conrad, Jr.
Chief United States District Judge